**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DEMETER TECHNOLOGY, LLC,**<br><br>    Plaintiff,<br><br>    **v.**<br><br>(1)  **FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.;**<br>(2)  **GODADDY.COM, INC.;**<br>(3)  **HEWLETT-PACKARD CO.;**<br>(4)  **INTEGRATED GLOBAL CONCEPTS, INC.;**<br>(5)  **INTER7 INTERNET TECHNOLOGIES, INC.;**<br>(6)  **J2 GLOBAL COMM., INC.;**<br>(7)  **KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC.;**<br>(8)  **LEXMARK INTERNATIONAL, INC.**<br>(9)  **MURATEC AMERICA, INC.;**<br>(10) **NEWRISE CORP.;**<br>(11) **OCÉ NORTH AMERICA;**<br>(12) **OKI DATA AMERICAS, INC.;**<br>(13) **OPENTEXT CORP.;**<br>(14) **RICOH AMERICAS CORP.;**<br>(15) **TOSHIBA AMERICA BUSINESS SOLUTIONS INC.;**<br>(16) **XEROX CORP.;**<br>(17) **BROTHER INT'L CORP.;**<br>(18) **CANON U.S.A., INC.;**<br>(19) **DATA ON CALL, INC.; and**<br>(20) **EDOCFILE, INC.,**<br><br>    Defendants. | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**<u>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>**

1.     This is an action for patent infringement in which Demeter Technology, LLC, makes the following allegations against: Fujitsu Computer Products of America, Inc.; Godaddy.Com, Inc.; Hewlett-Packard Co.; Integrated Global Concepts, Inc.; Inter7 Internet Technologies, Inc.; J2 Global Comm., Inc.; Konica Minolta Business Solutions U.S.A., Inc.; Lexmark International, Inc.; Muratec America, Inc.; Newrise Corp.; Océ North America; Oki Data Americas, Inc.; Opentext Corp.; Ricoh Americas Corp.; Toshiba America Business Solutions Inc.; Xerox Corp.; Brother Int'l Corp.; Canon U.S.A., Inc.; Data On Call, Inc.; and eDocfile, Inc. (collectively the "Defendants").

## PARTIES

2.     Plaintiff Demeter Technology, LLC ("Plaintiff" or "Demeter") is a Texas limited liability company with its principal place of business at 1333 W. McDermott Drive, Suite #241, Allen, Texas 75013.  Demeter's president is Daniel F. Perez.

3.     On information and belief, Fujitsu Computer Products of America, Inc. ("Fujitsu"), is a California corporation with its principal place of business at 1250 E. Arques Ave., MS124, Sunnyvale, California 94085-5401.  Defendant Fujitsu's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

4.     On information and belief, Godaddy.Com, Inc. ("Godaddy"), is an Arizona corporation with its principal place of business at 14455 N. Hayden Rd., Suite 219, Scottsdale, Arizona 85260-6993.

5.     On information and belief, Hewlett-Packard Co. ("HP"), is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304-1185.  Defendant HP's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6.     On information and belief, Integrated Global Concepts, Inc. ("IGC"), is an Illinois corporation with its principal place of business at 333 W. North Ave., #385, Chicago, Illinois 60610.

7.     On information and belief, Inter7 Internet Technologies, Inc. ("I7"), is an Illinois corporation with its principal place of business at 1505 Maple Ave, Ste. 200, Evanston, Illinois 60201.

8.     On information and belief, J2 Global Comm., Inc. ("J2"), is a Delaware corporation with its principal place of business at 6922 Hollywood Blvd., Hollywood, California 90028.  Defendant J2's registered agent in Texas is National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

9.     On information and belief, Konica Minolta Business Solutions U.S.A., Inc. ("Konica"), is a New York corporation with its principal place of business at 100 Williams Drive, Ramsey, New Jersey 07446-2907.  Defendant Konica's registered agent in Texas is the Prentice-Hall Corp. System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

10.     On information and belief, Lexmark International, Inc. ("Lexmark"), is a Delaware corporation with its principal place of business at 740 New Circle Rd. NW, Lexington, Kentucky 40550-0001.  Defendant Lexmark's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

11.     On information and belief, Muratec America, Inc. ("Muratec"), is a North Carolina corporation with its principal place of business at 3301 East Plano Parkway, Suite 100, Plano, Texas 75074.  Defendant Muratec's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

12.     On information and belief, Newrise Corp. ("Newrise"), appears to be Florida corporation with its principal place of business at 500 East Broward Blvd., Suite #201, Fort Lauderdale, Florida 33394.

13.     On information and belief, Océ North America, Inc. ("Océ"), is a Delaware corporation with its principal place of business in the United States at 100 Oakview Drive, Trumbull, Connecticut 06611.  Defendant Océ's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

14.     On information and belief, Oki Data Americas, Inc. ("Oki"), is a Delaware corporation with its principal place of business at 2000 Bishops Gate Blvd., Mt. Laurel, New Jersey 08054-4620.

15.     On information and belief, Opentext Corp. ("Opentext"), is a Canadian corporation with its principal place of business in the United States at 300 116th Avenue SE, Suite 500, Bellevue, Washington 98004.

16.     On information and belief, Ricoh Americas Corp. ("Ricoh"), is a Delaware corporation with its principal place of business in the United States at 385 Ravendale Drive,

Mountain View, California 94043-5240.   Defendant Ricoh's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

17.     On information and belief, Toshiba America Business Solutions Inc. ("Toshiba"), is a California corporation with its principal place of business at 2 Musick, Irvine, California 92618-1631.   Defendant Toshiba's registered agent in Texas appears to be CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

18.     On information and belief, Xerox Corp. ("Xerox"), is a New York corporation with its principal place of business at 45 Glover Avenue, P.O. Box 4505, Norwalk, Connecticut 06856-4505.   Defendant Xerox's registered agent in Texas is the Prentice-Hall Corp. System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

19.     On information and belief, Brother Int'l Corp. ("Brother"), is a Delaware corporation with its principal place of business at 100 Somerset Corporate Blvd., Bridgewater, New Jersey 08807-0911.   Defendant Brother's registered agent in Texas is the Prentice-Hall Corp. System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

20.     On information and belief, Canon U.S.A., Inc. ("Canon"), is a New York corporation with its principal place of business at One Canon Plaza, Lake Success, New York 11042.  Defendant Canon's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

21.     On information and belief, Data On Call, Inc. ("Data"), is a California corporation with its principal place of business at 6922 Hollywood Blvd., Los Angeles, California 90028.

22.     On information and belief, eDocfile, Inc. ("eDocfile"), is a Florida corporation with its principal place of business at 2709 Willow Oaks Drive, Valrico, Florida 33594.

## JURISDICTION AND VENUE

23.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

25.     On information and belief, Defendant Fujitsu is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

26.     On information and belief, Defendant Godaddy is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

27.     On information and belief, Defendant HP is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

28.     On information and belief, Defendant IGC is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

29.     On information and belief, Defendant I7 is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30.     On information and belief, Defendant J2 is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31.     On information and belief, Defendant Konica is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

32.     On information and belief, Defendant Lexmark is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

33.     On information and belief, Defendant Muratec is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

34.     On information and belief, Defendant Newrise is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

35.     On information and belief, Defendant Océ is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

36.     On information and belief, Defendant Oki is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

37.     On information and belief, Defendant Opentext is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

38.     On information and belief, Defendant Ricoh is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

39.     On information and belief, Defendant Toshiba is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

40.     On information and belief, Defendant Xerox is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

41.     On information and belief, Defendant Brother is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

42.     On information and belief, Defendant Canon is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

43.     On information and belief, Defendant Data is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

44.     On information and belief, Defendant eDocfile is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,157,706

45.     Plaintiff is the owner by assignment of United States Patent No. 6,157,706 ("the '706 Patent") entitled "Method and Apparatus for Enabling a Facsimile Machine to be an Email Client" – including all rights to recover for past and future acts of infringement.  The '706 Patent issued on December 5, 2000.  A true and correct copy of the '706 Patent is attached as Exhibit A.

46.     Upon information and belief, Defendant Fujitsu has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant Fujitsu is marketing, distributing, using, selling, and offering to sell its ScanSnap fi-6010N iScanner and other ScanSnap systems.  Defendant Fujitsu is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

47.     Upon information and belief, Defendant Godaddy has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in

memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user. A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure. For example, without limitation, Defendant Godaddy is marketing, distributing, using, selling, and offering to sell its "fax thru email" systems. Defendant Godaddy is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

48. Upon information and belief, Defendant HP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client. The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user. A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user. A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure. For example, without limitation, Defendant HP is marketing, distributing, using, selling, and offering to sell its HP Fax Series, and HP Officejet Pro 8500 (A909a), 8500 Premier (A909n), and 8500 Wireless (A909g) systems. Defendant HP is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

49. Upon information and belief, Defendant IGC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a

facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant IGC is marketing, distributing, using, selling, and offering to sell its "maxemail" systems.  Defendant IGC is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

50.     Upon information and belief, Defendant I7 has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant I7 is marketing, distributing, using, selling, and offering to sell its Asterisk Fax systems.  Defendant I7 is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

51.     Upon information and belief, Defendant J2 has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant J2 is marketing, distributing, using, selling, and offering to sell its eFax and Send2Fax systems.  Defendant J2 is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

52.     Upon information and belief, Defendant Konica has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without

limitation, Defendant Konica is marketing, distributing, using, selling, and offering to sell its FAX3900 systems.  Defendant Konica is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

53.     Upon information and belief, Defendant Lexmark has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant Lexmark is marketing, distributing, using, selling, and offering to sell its X644e, X646e, and X85X Multifunction systems.   Defendant Lexmark is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

54.     Upon information and belief, Defendant Muratec has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure

assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant Muratec is marketing, distributing, using, selling, and offering to sell its MFX-2355D and MFX-2855D systems.  Defendant Muratec is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

55.    Upon information and belief, Defendant Newrise has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant Newrise is marketing, distributing, using, selling, and offering to sell its UnityFax service.  Defendant Newrise is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

56.    Upon information and belief, Defendant Océ has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in

memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user. A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure. For example, without limitation, Defendant Océ is marketing, distributing, using, selling, and offering to sell its VarioLink 5022, and other similar VarioLink, systems. Defendant Océ is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

57. Upon information and belief, Defendant Oki has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client. The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user. A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user. A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure. For example, without limitation, Defendant Oki is marketing, distributing, using, selling, and offering to sell its MB400 MFP Series systems. Defendant Oki is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

58. Upon information and belief, Defendant Opentext has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client. The systems comprise portions that accept

input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user. A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user. A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure. For example, without limitation, Defendant Opentext is marketing, distributing, using, selling, and offering to sell its FaxServer systems. Defendant Opentext is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

59.    Upon information and belief, Defendant Ricoh has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client. The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user. A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user. A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure. For example, without limitation, Defendant Ricoh is marketing, distributing, using, selling, and offering to sell its FAX5510NF and AFICIO MP 3500/4500 systems. Defendant Ricoh is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

60.    Upon information and belief, Defendant Toshiba has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant Toshiba is marketing, distributing, using, selling, and offering to sell its e-STUDIO50F, and other similar e-STUDIO, systems.   Defendant Toshiba is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

61.     Upon information and belief, Defendant Xerox has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant Xerox is marketing, distributing, using, selling, and offering to sell its

Office Fax Pro, WorkCentre, and WorkCentre Pro systems.  Defendant Xerox is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

62.     Upon information and belief, Defendant Brother has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant Brother is marketing, distributing, using, selling, and offering to sell its Brother NC-8000 and IntelliFax systems.  Defendant Brother is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

63.     Upon information and belief, Defendant Canon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail

address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant Canon is marketing, distributing, using, selling, and offering to sell its imageRUNNER 6570 and Laser Class 730i and 830i systems.  Defendant Canon is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

64.    Upon information and belief, Defendant Data has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user – that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant Data is marketing, distributing, using, selling, and offering to sell its TrustFax systems.  Defendant Data is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

65.    Upon information and belief, Defendant eDocfile has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '706 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell systems that enables a facsimile machine to function like an e-mail client.  The systems comprise portions that accept input from a first user specifying an e-mail address of a second user and automatically store the e-mail address of the second user in an address book data structure assigned to the first user.  A portion associates an internet fax number with the stored e-mail address of the second user in memory, and a receiving portion receives a fax – from the facsimile machine of the first user –

that has been sent to the internet fax number associated with the e-mail address of the second user.  A selection portion selects from an address book data structure the address book structure assigned to the first user, that includes the internet fax number associated with the stored e-mail address of the second user. A sending portion sends the contents of the fax to the e-mail address of the second user stored in the selected address book data structure.  For example, without limitation, Defendant eDocfile is marketing, distributing, using, selling, and offering to sell its Follow Me Fax systems.  Defendant eDocfile is thus liable for infringement of the '706 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '706 Patent;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '706 Patent;

3.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '706 Patent as provided under 35 U.S.C. § 284;

4.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '706 Patent;

5.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '706 Patent;

6.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '706 Patent as provided under 35 U.S.C. § 284;

7.      An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made as of the

date of correspondence with each Defendant, or at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

       8.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

       9.      Any and all other relief to which Plaintiff may show itself to be entitled.


## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


                              Respectfully Submitted,

                              **DEMETER TECHNOLOGY, LLC**

Dated:  June 24, 2010        By:  <u>/s/ Andrew W. Spangler</u>
                              Andrew W. Spangler
                              Texas State Bar No. 24041960
                              **Spangler Law, PC**
                              208 N Green St., # 300
                              Longview, TX 75601-7312
                              Phone: (903) 753-9300

                              **ATTORNEY FOR PLAINTIFF**
                              **DEMETER TECHNOLOGY, LLC**