**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DEMETER TECHNOLOGY, LLC,<br>*PLAINTIFF*<br>*vs.*<br><br>FUJITSU COMPUTER PRODUCTS OF AMERICA, INC., *ET AL.*,<br>*DEFENDANTS* | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br><br>2:10-CV-00209-TJW |

**CANON U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**<u>PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>**

Canon U.S.A., Inc. ("Canon"), by and through its undersigned attorneys and for itself and no other defendant named herein, hereby responds to the Complaint of Plaintiff, Demeter Technology, LLC ("Demeter"), with the following Answer and Affirmative Defenses.

## GENERAL DENIAL

Unless specifically admitted below, Canon denies each and every allegation in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. Canon admits that Demeter's Complaint purports to be an action for patent infringement. Canon denies the remaining allegations of paragraph 1.

## PARTIES

2. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the same.

3. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies the same.

4. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies the same.

5. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies the same.

6. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies the same.

7. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies the same.

8. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies the same.

9. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies the same.

10. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies the same.

11. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies the same.

12. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies the same.

13. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies the same.

14. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the same.

15. Canon lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 15, and therefore denies the same.

16. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies the same.

17. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies the same.

18. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies the same.

19. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

20. Canon admits the allegations in paragraph 20.

21. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

22. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

## JURISDICTION AND VENUE

23. To the extent the allegations of paragraph 23 set forth legal conclusions no response is required.  Otherwise, Canon admits that this action purports to arise under the patent laws of the United States, Title 35 of the United States Code.  Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies the same.

24. To the extent the allegations of paragraph 24 set forth legal conclusions no response is required.  Otherwise, Canon denies that venue is proper in this district and that it is the most convenient or most appropriate forum for this action.  To the extent the allegations in

this paragraph relate to other defendants, Canon is without sufficient information or knowledge to form a belief as to the truth of those allegations and, therefore, denies them. Canon denies all remaining allegations of paragraph 24.

25. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies the same.

26. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies the same.

27. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies the same.

28. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies the same.

29. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies the same.

30. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies the same.

31. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies the same.

32. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies the same.

33. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies the same.

34. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies the same.

35. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies the same.

36. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies the same.

37. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies the same.

38. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies the same.

39. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies the same.

40. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies the same.

41. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies the same.

42. To the extent the allegations of paragraph 42 set forth legal conclusions no response is required.  Otherwise, Canon will not dispute personal jurisdiction in this case but denies the allegations in paragraph 42.

43. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies the same.

44. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies the same.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 6,157,706**

The heading "Infringement of U.S. Patent No. 6,157,706" fails to set forth an allegation of fact to which an answer is required. Canon denies that any of its actions, conduct or products infringe U.S. Patent No. 6,157,706.

45. Canon admits that Exhibit "A" to the Complaint appears to be a copy of U.S. Patent No. 6,157,706 ("'706 patent") having the title "Method and Apparatus for Enabling a Facsimile Machine to be an E-mail Client" and admits that the face of the '706 patent indicates it issued on December 5, 2000. Canon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45, and therefore denies the same.

46. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies the same.

47. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies the same.

48. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies the same.

49. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies the same.

50. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies the same.

51. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies the same.

52. Canon lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 52, and therefore denies the same.

53. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies the same.

54. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore denies the same.

55. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies the same.

56. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies the same.

57. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies the same.

58. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore denies the same.

59. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies the same.

60. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies the same.

61. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies the same.

62. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies the same.

63. Canon admits to marketing, distributing, using, selling, and offering to sell its imageRUNNER 6570 and Laser Class 730i and Laser Class 830i products.  Canon denies each

and every remaining allegation in paragraph 63.

64. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore denies the same.

65. Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore denies the same.

**PRAYER FOR RELIEF**

Canon denies that Demeter is entitled to any relief whatsoever against Canon, either as prayed for in its Complaint or otherwise.

**ADDITIONAL AFFIRMATIVE DEFENSES**

In addition to the First Affirmative Defense set forth above in responding to the allegations set forth in Demeter's Complaint, Canon alleges and asserts the following additional defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described herein, Canon specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**SECOND AFFIRMATIVE DEFENSE**

66. Canon has not infringed and is currently not infringing (directly, contributorily, or by inducement) the '706 patent, literally or by application of the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**

67. Demeter is estopped from construing the claims of the '706 patent in such a way as may cover and/or include Canon's products or activities and/or has waived any right to do so by

reason of amendment, cancellation or abandonment of claim(s) and admissions or representations made by or on behalf of the applicant in the proceedings in the United States Patent and Trademark Office during the prosecution of the application which resulted in the ’706 patent.

**FOURTH AFFIRMATIVE DEFENSE**

68. Each and every claim of the ’706 patent is invalid for failure to meet the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and 112 thereof.

**FIFTH AFFIRMATIVE DEFENSE**

69. Demeter’s claims for relief and prayer for damages are barred or limited by 35 U.S.C. § 286.

**SIXTH AFFIRMATIVE DEFENSE**

70. The relief sought by Demeter is barred or limited by the failure of Demeter to mark its products (if any) or to otherwise give notice to Canon pursuant to 35 U.S.C. §287.

**SEVENTH AFFIRMATIVE DEFENSE**

71. Demeter is not entitled to injunctive relief because any injury to Demeter is not immediate or irreparable, and Demeter has an adequate remedy at law.

**EIGHTH AFFIRMATIVE DEFENSE**

72. Demeter’s claims are limited or barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## NINTH AFFIRMATIVE DEFENSE

73. Demeter's complaint fails to state a claim against Canon on which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

74. Demeter is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## PRAYER FOR RELIEF

Wherefore, Canon prays that this Court enter judgment:

(a) For dismissal of Demeter's Original Complaint with prejudice;

(b) For a judgment that the claims of U.S. Patent No. 6,157,706 ("the '706 patent") are invalid;

(c) For a judgment that Canon has not infringed and is not infringing the '706 patent and that Demeter take nothing by its Complaint;

(d) For a declaration that this an exceptional case, and an award to Canon of their reasonable attorneys' fees under 35 U.S.C. § 285;

(e) For an award of all costs of suit by Canon in this action; and

(f) For all such other and futher relief as this Court deems just and equitable.

## JURY DEMAND

Canon requests a jury trial of any issues triable of right by a jury.

Dated: October 25, 2010

Respectfully submitted,

**POTTER MINTON P.C.**

By: */s/ Douglas R. McSwane, Jr.*

Douglas R. McSwane, Jr.
Texas State Bar No. 13861300
dougmcswane@potterminton.com
POTTER MINTON P.C.
P.O. Box 359
Tyler, Texas 75710
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Robert M. Masters
robmasters@paulhastings.com
Timothy Cremen
timcremen@paulhastings.com
Bhaskar Kakarla
bhaskarkakarla@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.,
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-0238

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
4747 Executive Drive
12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

*Attorneys for Defendant Canon U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that counse of record who are deen to have consented to electronic service are being served the foregoing document, CANON U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

This 25th day of October, 2010.

*/s/ Douglas R. Mcswane, Jr.*
Douglas R. Mcswane, Jr.